UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Craig Cunningham, | § CASE NO. 4:19-cv-00816 |
|   Plaintiff, | § |
| | § |
| v. | § CLASS ACTION |
| | § |
| TK Supplements, Inc., | § JURY TRIAL DEMANDED |
| | § |
|   Defendant | § |

## CLASS ACTION COMPLAINT

1. Plaintiff Craig Cunningham ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. TK Supplements, Inc. ("TK" or "Defendant") sent automated text message calls to cellular telephone numbers, including the Plaintiff, which is prohibited by the TCPA.

3. Furthermore, in violation of 47 U.S.C. § 227(c), through the regulation codified at 47 C.F.R. § 64.1200(c) and pertaining to the National Do-Not-Call Registry, Defendant has placed telephone solicitations to Plaintiff and putative class members whose numbers were on the National Do-Not-Call Registry at the time of the calls.

4. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to

hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES**

6. Plaintiff Craig Cunningham is a Texas resident residing in Plano, Collin County, Texas.

7. Defendant TK Supplements, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. The Defendant engages in telemarketing into this District, as it did with the Plaintiff.

**JURISDICTION AND VENUE**

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. This Court has specific personal jurisdiction over the defendant because the calls at issue were made into this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing call to the Plaintiff was placed into this District.

## THE TELEPHONE CONSUMER PROTECTION ACT

11. The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

12. Relevantly, the TCPA provides private rights of action for three types of telemarketing-related conduct.

13. First, Section 227(b) of the TCPA prohibits initiating a telemarketing call using an automatic telephone dialing system without the prior express written consent of the called party.

14. "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(8).

15. This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. *Id.* at (f)(i)(A-B).

16. A violation of Section 227(b) carries statutory damages of $500 to $1,500 per call.

17. Second, Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

18. In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

19. Pursuant to this statutory mandate, the FCC issued two relevant regulations.

20. The first regulation to be issued under § 227(c) established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

21. The second regulation passed under Section 227(c) established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014 ("DNC Order").

22. This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

23. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

24. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

25. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

26. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

27. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

28. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last visited November 5, 2019).

**FACTUAL ALLEGATIONS**

29. Defendant is in the business of selling medical supplements.

30. One of Defendant's strategies for marketing its services and generating business is through telemarketing.

31. Defendant's strategy for generating new customers involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

32. Recipients of these calls, including Plaintiff, did not consent to receive them.

33. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

34. From July 1, 2019 through November 5th, 2019, the Plaintiff received multiple automated text messages from the Defendant.

35. The Defendant's goods and services were promoted in the text messages.

36. All of the text messages were received on the Plaintiff's cellular telephone, XXX-XXX-7262.

37. The Plaintiff's cellular telephone number is registered on the National Do Not Call Registry.

38. The Plaintiff's cellular telephone number was registered on the National Do Not Call Registry for more than 30 days prior to the receipt of his text messages from the Defendant.

39. Below are some of the text messages:







40. The Defendant employed the use of an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator.

41. This is evident from the circumstances surrounding the text messages, including the text message's commercial content, that substantively identical texts were sent to multiple recipients, and that they were sent from a long code, which is consistent with the use of an automatic telephone dialing system to send text messages.

42. In fact, the long code phone numbers for the texts, (213) 409-7865, (213) 409-5397, (213) 409-7455 are not working numbers.

43. In other words, the Defendant's dialing equipment was programmed to make the text message look like it was coming from a phone number that does not allow you to return a call to that number.

44. Plaintiff's privacy has been violated by the above-described telemarketing robocalls from, or on behalf of, Defendant. The calls were an annoying, harassing nuisance.

45. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## CLASS ACTION ALLEGATIONS

46. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

47. The classes of persons Plaintiff proposes to represent is tentatively defined as:

Class 1

All persons within the United States to whom: (a) Defendant (or an agent acting on behalf of Defendant), made one or more non-emergency telephone calls; (b) to the person's cellular telephone number; (c) using the same or similar telephone system(s) used in calling Plaintiff's cellular telephone number; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

Class 2

All persons in the United States to whom: (1) Defendant (or an agent acting on behalf of Defendant) made (2) two or more telemarketing calls (3) promoting Defendant's products or services; (4) to a residential phone number that was listed on the National Do Not Call Registry for at least 30

days before the first call; and (5) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

48. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

49. The class as defined above is identifiable through phone records and phone number databases.

50. The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individual a day. Individual joinder of these persons is impracticable.

51. The Plaintiff is a member of all of the classes.

52. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether Defendant violated the TCPA by using automated telemarketing to call cellular telephones;

    b. Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

    c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

53. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class members, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

54. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the

interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

55. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

56. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

57. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

58. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## LEGAL CLAIMS

### Count One:
### Violation of the TCPA's Automated Calling provisions
### (On behalf of Plaintiff and Class 1)

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and

multiple violations of the TCPA, 47 U.S.C. § 227, by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of Class 1 using an ATDS and/or artificial or prerecorded voice.

61. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227 (directly or through others acting on its behalf), Plaintiff and members of Class 1 are presumptively entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(3)(B).

62. Plaintiff and members of Class 1 are also entitled to and seek injunctive relief prohibiting Defendant (and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf) from violating the TCPA, 47 U.S.C. § 227, by making non-emergency calls to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

63. Defendant's violations were negligent and/or knowing. Accordingly, Plaintiff seeks for himself and each member of Class 1, increased damages, as provided by statute, up to $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### Count Two:
### Violation of the TCPA's DNC provisions
### (On behalf of Plaintiff and Class 2)

64. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

65. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or

(b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

66. The Defendant's violations were negligent and/or knowing.

67. As a result of the Defendant's violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff and members of Class 2 are entitled of an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing".

68. Plaintiff and members of Class 2 are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from making calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry.

**Relief Sought**

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

B. Because of Defendant's violations of the TCPA, Plaintiff seeks for himself and the other putative members of Class 1 and Class 2, $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3) and (c)(5).

      C.      An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is proper representatives of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

      D.      Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated:  November 11, 2019

Respectfully submitted,

/s/ Cory S. Fein
Cory S. Fein
Texas Bar No. 06879450
CORY FEIN LAW FIRM
712 Main St., #800
Houston, TX  77002
Telephone:  (281) 254-7717
Facsimile:  (530) 748-0601
E-mail: cory@coryfeinlaw.com
Lead Attorney

Anthony I. Paronich (Pro Hac Vice pending)
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorneys for Plaintiff*